[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
This case was tried to the court on April 17, 1990. Plaintiff's brief was filed on May 2 and defendants on May 4, 1990.
Plaintiff seeks to recover monies for work it claims was performed on three unrelated matters, each claim being set forth as Count One, Two and Three of its complaint. In Count Four plaintiff claims defendant is engaged in unfair trade practices in that it requires plaintiff to file with it a Work Completion Certificate which includes a term which requires plaintiff to waive its right to a mechanic's lien prior to receiving payment on any work plaintiff has completed. Plaintiff alleges further that defendant wilfully, intentionally and/or negligently failed to "complete a work completion certificate within a reasonable time." Count Five also alleges unfair trade practices, claiming that defendant represented to plaintiff that it would settle the instant matter by June 29, 1989 for a specified amount if plaintiff would not pursue a prejudgment remedy hearing scheduled for June 16, 1989. Defendant failed to carry through on its representation.
 II.
Based on the credible evidence, the court finds the following facts:
The plaintiff, Matty's Paving Construction Company, is a Connecticut Corporation whose principal place of business is Knight Street, Watertown, Connecticut. The defendant, Balbec Corporation, is a corporation with offices at 83 Morgan Street, Stamford, Connecticut. On or about December 22, 1987, the plaintiff, through its owner and Vice-President, Patrick Graziano, CT Page 418 entered into a contract with the defendant to do demolition work on five floors of defendant's property at Waterbury Industrial Commons, 1875 Thomaston Avenue in Waterbury. According to the agreement, after each floor was completed and a work completion certificate was issued by the defendant, plaintiff would be paid $8,000 before starting the next floor. The contract further provides for interest and attorney's fees. See Exhibit A. All the work specified was completed to the satisfaction of the defendant prior to March 22, 1988, although defendant has failed to provide plaintiff with a work completion certificate for work performed on the first floor. Plaintiff also performed some additional clearing work in the stairwells at no extra charge. Plaintiff, as of March 22, 1988, and as of the date of trial, had received only $24,000. Phil Puzzuoli, an employee and/or agent of Balbec Corporation, had inspected each floor before authorizing payment. He walked the entire complex with Mr. Graziano and stated to him sometime prior to March 22, 1988 that all work was complete. Plaintiff has demanded the balance of $16,000 but defendant has not paid.
Mr. Graziano further testified that the defendant requested snow plowing services be performed by plaintiff for Waterbury Industrial Commons at 1875 Thomaston Avenue in Waterbury during the 1988-89 winter season. Compensation would be based on the number of snow falls and inches of snow on the ground. Plaintiff performed plowing services on December 31, 1988, on February 27, 1989 and a third time during the week ending March 25, 1989. The value of the services was $628.87, $419.25 and $419.25 respectively. These sums include taxes paid to the State of Connecticut in the amount of $58.50 on the latter two dates for a total value of services of $1,467.37. Plaintiff has made demand for that amount but defendant has not paid.
On or about January 23, 1989, defendants requested plaintiff to repair a water service break at 100 Kane Street in West Hartford at certain property known as The Grove. The plaintiff performed those services and supplied certain materials all of which are valued at $3,270.98. On or about November 21, 1989, the plaintiff received a check in the amount of $1,452.32 dated March 29, 1989 from Schlesinger Management Corporation purporting to pay a portion of invoice number 1962. See Exhibits C and D. Plaintiff never cashed the check.
On or about June 26, 1989, the defendant, through its agent, or employee, Rena C. Morales, requested that a prejudgment remedy hearing be marked off in exchange for defendant's general release of the plaintiff as well as payment of $23,116.55 by Thursday, June 29, 1989. Plaintiff marked the hearing off but defendant neither made payment nor provided a release. CT Page 419
 III.
As to Count I, the undisputed testimony indicates that plaintiff completed the demolition work contracted for in writing by the defendant to the defendant's satisfaction, which contract provided for reasonable attorney's fees and interest at a rate of 1% per month. The agreement to provide services for payment in Counts Two and Three, although not in writing, are enforceable. As to Count Four, the language in the work completion certificate (see last three pages of Exhibit B) clearly states that the plaintiff is not required to waive its right to a mechanic's lien except upon receipt of payment. Therefore, there is no violation of the Connecticut Unfair Trade Practices Acts, Section 42-110b, et seq., as alleged in plaintiff's complaint. Further, no such violation has occurred as to Count Five in that the types of activity alleged does not fall with the activities set out in Section 42-110a which defines trade and commerce as follows:
 "(4) `Trade' and `commerce' means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state.
Moreover, the plaintiff did not establish any ascertainable loss arising out of the actions of the defendant as alleged and as required by Section 42-110g.
 IV.
We conclude that defendant breached its written agreement with the plaintiff as to Count One. Under the terms of that agreement, plaintiffs are due $16,000 in principal plus interest from the date of completion at 1% per month ($4,126.98) and reasonable attorney's fees ($3,000). As to Counts Two and Three, defendant breached its oral agreement with plaintiff in each instance, and therefore, plaintiffs are due $1,467.37 plus interest in the amount of $155.97 and $3,270.98 plus interest in the amount of $399.73 respectively. The plaintiff failed to sustain its burden of proof on Counts Four and Five. Accordingly, judgment may enter for the plaintiff in the amount of $28,421.03 plus costs.
SANTOS, J. CT Page 420